UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
CONFESSOR LIRIANO,
 a/k/a "Celso Acevedo Colon,"

                    Petitioner,

          -against-

UNITED STATES OF AMERICA,

                    Respondent.
--------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/09

08 Civ. 5568 (DAB)
08 Civ. 5634 (DAB)
05 Cr. 253  (DAB)
03 Cr. 227  (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

Petitioner Confessor Liriano ("Liriano" or "Petitioner"),
also known as Celso Acevado Colon, proceeding pro se, petitions
under both Docket Numbers 08 Civ. 5568 and 08 Civ. 5634 to
vacate, set aside or correct his sentence pursuant to 28 U.S.C. §
2255.  Liriano also Petitions for a Writ of Audita Querela to
resentence him to a revised term of imprisonment.  The Court
grants Petitioner an Amended Judgment and the attendant right to
file a Notice of Appeal.  For the following reasons, however, the
Court hereby DENIES each of Liriano's Petitions in all remaining
respects.

## I. BACKGROUND

On February 23, 2005, Petitioner Liriano was arrested, along
with four other individuals, while planning to commit the robbery
of a drug dealer.  On March 8, 2005, Petitioner was charged in

Counts One and Two of Indictment 05 Cr. 253 with conspiracy to commit robbery, pursuant to Title 18, United States Code, Section 1951(b)(1), and conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).  The Indictment alleged that, on or about February 23, 2005, Petitioner, together with his co-defendants, attended a meeting to discuss the robbery, and drove to the vicinity of the target in order to commit the armed robbery of the drug dealer. (2005 Indictment at 5.)  It was later discovered that Petitioner was also a fugitive from charges relating to a December 24, 1999 armed robbery of a Manhattan restaurant.  In Indictment 03 Cr. 227, pending before Judge Buchwald, Petitioner had been charged with armed robbery, pursuant to Title 18, United States Code, Sections 1951(b)(1), 1951(a) and 924(c)(1)(A)(iii). (2003 Indictment at 3.)

In the course of his prosecution, Liriano was represented by at least four different attorneys.  Richard Palma was first appointed at Liriano's presentment on February 24, 2005.  On March 11, 2005, Liriano retained Matthew Myers who was substituted for Mr. Palma as counsel.  After extensive plea discussions, Mr. Myers and the Government were unable to reach an agreement.  Subsequently, on August 6, 2006, after a conflict arose between Mr. Myers and Petitioner regarding legal fees, the Court appointed Kenneth Paul on Liriano's behalf.  On September

2

7, 2006, under the guidance of Mr. Paul, Mr. Liriano signed a
plea agreement which provided for a mandatory minimum sentence of
15 years' imprisonment as to the charges in both indictments.  On
September 26, 2006, the case was transferred to Judge Buchwald's
docket from this Court's docket to allow for a consolidated plea.
However, on October 18, 2006, when the plea did not go through,
the case was transferred back to this Court.  On February 13,
2007, Liriano requested that attorney Sal Collazo be retained as
his counsel, and the Court allowed Mr. Collazo to enter the case
while requiring Mr. Paul to remain as co-counsel.  (Transcript of
February 13, 2007 at 12.)  At the start of trial, both Liriano
and his co-defendant Urias Quesada entered guilty pleas.  The new
plea agreement was less favorable than the prior September 7,
2006 plea agreement due to its requirement that Liriano receive a
mandatory minimum sentence of 20 years, including two consecutive
10-year sentences, one each resulting from the 2003 and 2005
charges.

The final plea agreement, dated February 13, 2007, contained
stipulations as to Petitioner's Guidelines offense level of 30
and Criminal History Category of II.  (Pet.'s Plea Agreement,
dated September February 13, 2007, at 4-5.)  Although these
factors result in a Guidelines range of 108 to 135 months, the
two counts required mandatory consecutive sentences of 20 years'
and thus the plea provided for a stipulated sentence of 20 years'

3

imprisonment.  (Id., at 5.)  Petitioner agreed that he would
"[neither] file a direct appeal, nor litigate under Title 28,
United States Code, Section 2255, and/or Section 2241, any
sentence within or below the Stipulated Sentence of 20 years. . .
."  (Id., at 6.)

On June 4, 2007, Petitioner appeared before the Court for
sentencing.  The Court adopted the factual recitations, the
guideline offense level of 30, and the Criminal History Category
of II, as set forth in the pre-sentence report.  (Transcript of
June 4, 2007 Sentencing Hearing at 5.)  The Court sentenced
petitioner to 20 years' imprisonment, to be followed by five
years of supervised release.  (Transcript of June 4, 2007
Sentencing Hearing at 5.)  Judgment was entered on June 6, 2007.

Proceeding pro se, Petitioner filed a Section 2255 Petition
to vacate, set aside or correct his sentence and judgment under
Docket Number 08 Civ. 5568 on June 20, 2008, alleging that his
attorney, Salvatore Collazo was ineffective due to his (1)
failure to file a Notice of Appeal, (2) failure to challenge the
additional 10-year sentence pursuant to Title 18, United States
Code, Section 924(c)(1)(A)(iii), and (3) advisement of Liriano to
forego an earlier, more favorable plea offer.  On June 23, 2009,
Petitioner filed an addendum to his § 2255 Petition under Docket
Number 08 Civ. 5634, supplementing those claims and also alleging
a violation of the Speedy Trial Act.  Subsequently, on May 18,

4

2009, Petitioner filed a Petition for a Writ of Audita Querela,
seeking re-sentencing under the intervening decision in United
States v. Whitley, 529 F.3d 150 (2d Cir. 2008). The Government
submitted a memorandum of law in opposition to the Section 2255
Petitions on July 27, 2009. On August 13, 2009, the Petitioner
filed his reply to the Government's memorandum of law. Finally,
on August 27, 2009 the Government submitted a letter brief in
response to the Petition for a Writ of Audita Querela.

## II. DISCUSSION

As Petitioner is pro se, his petition will be construed
liberally. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.
1996)("The pleadings of a pro se plaintiff must be read liberally
and should be interpreted 'to raise the strongest arguments that
they suggest.'")(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d
Cir. 1994)).

To vacate or set aside a conviction under § 2255, a
petitioner must demonstrate a "constitutional error, a lack of
jurisdiction in the sentencing court, or an error of law or fact
that constitutes a 'fundamental defect which inherently results
in complete miscarriage of justice." Graziano v. United States,
83 F.3d 587, 590 (2d Cir. 1996)(quoting United States v. Bokun,
73 F.3d 8, 12 (2d Cir. 1995)).

A.   Waiver of Right to File a § 2255 Petition

It is "well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (collecting cases). "In addition, the Second Circuit has enforced a waiver in a plea agreement of a defendant's right to challenge a sentence under § 2255." Mendivelso v. United States, 504 F.Supp.2d 331, 336 (S.D.N.Y. 2007) (citing Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001)).

However, such waivers do not prevent defendants from "seeking relief from the underlying plea where the plea was not knowing and voluntary," United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005), or where "[a]n ineffective assistance of counsel claim . . . concerns the advice the defendant received from counsel," Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotations omitted) (emphasis added), because "the very product of the alleged ineffectiveness' cannot fairly be used to bar a claim of ineffective assistance of counsel[,]" United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001)(internal quotations omitted).  In particular, the Second Circuit has distinguished between "challenging the attorney's role in shaping the defendant's bargaining position[,] [which] cannot avoid the waiver, [and] challenging the attorney's advice

6

about the bargaining position, by connecting the knowing and
voluntary nature of the defendant's plea decision with the
attorney's conduct," which does avoid the waiver.  Parisi, 529
F.3d at 138-39 (emphasis original.)

Here, only two of Petitioner's claims of ineffective
assistance of counsel arguably involve advice about Petitioner's
bargaining position such that they implicate the knowing and
voluntary basis of the plea under Parisi.  Petitioner's claim
that his attorney failed to file a Notice of Appeal does not
implicate his plea, as it obviously occurred after the plea.
Furthermore, Petitioner's claim of ineffective assistance based
upon counsel's alleged failure to challenge the 924© charge does
not implicate advice by counsel as to Petitioner's bargaining
position in the plea negotiations.[1]

---

[1] While it is true that the Court in Parisi interpreted a
pro se appellant's claim liberally in order to construe an
ineffective assistance claim based on the Speedy Trial Act as
implicating the plea process, the Second Circuit there explicitly
relied upon its conclusion that Parisi's "submissions can be read
as raising the claim that his attorney was ineffective in
advising him to accept the plea agreement rather than advising
him to move to dismiss the indictment with prejudice" because "by
focusing on the advice Parisi received from his attorney, it
connects the alleged ineffectiveness of Parisi's attorney with
the voluntary nature of his plea.  Id. at 139.
     In particular, the Court in Parisi quoted the appellant's
reply submissions, wherein Parisi argued that "ineffectiveness
produced [his] entry into the plea agreement; for if counsel had
been effective, the indictment would have been dismissed with
prejudice, and therefore there would have been no plea
agreement."  Id. at 138.  Unlike Parisi, the Petitioner here
nowhere contends that the alleged ineffectiveness with regard to

7

Accordingly, the Court will first consider only the merits of the ineffective assistance claims with regard to the September 2006 plea discussions and with regard to the alleged Speedy Trial Act violations.[2]  If the Court finds that there was no ineffective assistance based upon these two aspects of Petitioner's representation, and that Petitioner's plea was otherwise knowing and voluntary, then the remainder of the collateral claims will have been waived by the plea agreement.

### 1.    Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance fell below an objective

---

the 924(c)(1) charge influenced his decision to plea or otherwise made his plea involuntary or unknowing.  See, e.g., (Pet's 08 Civ. 5568 Mem. of Law, 6) (stating that "Colon's sentence exposure undoubtedly would have been less severe had he not been convicted of the firearm offense" but nowhere stating or even implying that counsel's challenge to the firearm charge might have led to a more favorable plea agreement).
Accordingly, even construing his Petition liberally, Petitioner does not allege that his attorney's failure to challenge the firearm offense undermined the knowing and voluntary nature of his plea under Parisi.

While the Court finds that Petitioner did not allege that his attorney's failure to challenge the firearm offense influenced his plea, see supra, note 1, it does find that Petitioner's ineffective assistance claim as to the Speedy Trial Act implicates advice related to the plea process.  In particular, Petitioner alleges that "instead of protecting Movant's right to a speedy trial [his attorneys] were assisting the government to acquire a guilty plea from Movant." (Pet's 08 Civ. 5634 Mem. of Law, 5h.)

8

standard of reasonableness under prevailing professional norms; and (2) he was prejudiced by his counsel's deficient performance. Mendivelso, 504 F.Supp.2d at 338 (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1984).

## I.   Advice not to Accept the Earlier Plea Agreement

Petitioner first contends that his attorney, Mr. Collazo, unreasonably urged him not to accept the September, 2006 plea agreement, thus providing ineffective assistance of counsel. (Pet's 08 Civ. 5568 Mem. of Law, 7.)  However, as the Government correctly points out, Mr. Collazo did not represent the Petitioner until February 12, 2007.  (Gov. Opp Mem of Law, 7, n.3.)   Thus, to the extent Mr. Collazo had any contact with the Petitioner prior to that date, it was not as his counsel of record.

Furthermore in his 08 Civ. 5634 Memorandum of Law, Petitioner contends that it was he who wished to proceed to trial and that it was his attorneys who sought to convince him to plea, directly contradicting his assertion that it was Mr. Collazo that urged him not to accept the plea agreement.   (Pet's 08 Civ. 5634 Mem. Of Law, 5b.) ("Movant maintained that he was innocent and that he wanted to go to trial[,] [but] [d]espite Movant's continued claims of innocence, attorneys Palma and Myers, were

9

unyielding and did nothing to prepare the case for trial . . . .
This prompted them to consult with a Attorney Collazo, who, as
noted above, could speak spanish, and resulted in his retention
as counsel . . . . <u>All three</u> attorneys [led] Movant to believe
that by pleading guilty on all counts, he would receive a
concurrent sentence of not more than ten years.  As an
inducement, Movant's attorneys asserted that if Movant did not
plead guilty, he would receive a thirty year sentence, if
convicted, and that he had no meaningful defense.") (emphasis
added).

In his reply, Petitioner further confirms the latter
account, noting that he "clearly argued in his petition that
attorney Collazo spoke with him regarding the favorable plea
offer and even urged him to forego the clearly plausible defense
strategy." (Pet's Rep. Mem. of Law, 2.)  Similarly, a letter
from Defense Counsel Meyers confirms the latter account of the
plea discussions, noting that it was the Petitioner who was
hesitant and unwilling to plea.  (Aug. 2, 2006 Letter from Mr.
Meyers, 2) ("On July 27, 2006 Mr. German and I were willing to
put the difference with Mr. Colon aside by paying him another
visit.  We took a copy of the proposed plea agreement to MDC with
the intention of explaining its ramifications."); (<u>id.</u>) ("The
breakdown in communication occurred when Mr. Colon was urged to
accept a substantial jail sentence.  That sentence was a reduced

10

sentence from the offers that were being made to him for more than one year via three separate U.S. Attorneys.").

Accordingly, because the record, including Petitioner's own admissions, conclusively demonstrates that Mr. Collazo did not and could not have advised Petitioner to reject the September, 2006 plea agreement, as alleged by the Petitioner, there is no need for a hearing, and the Court finds that there was no ineffective assistance of counsel with regard to the discussions involving the September, 2006 plea agreement.

### ii.   Ineffectiveness With Regard to the Speedy Trial Act

Petitioner also contends that his attorneys "were assisting the government to acquire a guilty plea from Movant" rather than "protecting Movant's right to a speedy trial." (Pet's 08 Civ. 5634 Mem. of Law, 5h.)  At its crux, Petitioner's argument appears to be that the District Court[3] in case 03 Cr. 227 did not make independent ends-of-justice findings to support its continuances, but rather relied on counsel's consent, in

---

[3] The Government asserts that Petitioner's discussion of his Speedy Trial Act challenge "do[es] not apply to the facts of this case," noting that he cites "several docket entries and court appearances in 2003 and 2004, when this case - filed in 2005 - was not pending." (Gov's Opp. Mem. of Law, 2, n.1.)  However, these entries and facts do correspond to Petitioner's case before the Honorable Judge Buchwald, under docket number 03 Cr. 227, which the Government in fact discusses extensively in its brief. (Gov's Opp. Mem. of Law, 4.)

11

violation of <u>Zedner v. United States</u>, 547 U.S. 489 (2006).
(Pet's 08 Civ. 5634 Mem. of Law, 5f-5h.)

The Speedy Trial Act, 18 U.S.C. § 3161, provides, <u>inter
alia</u>, that in "any case in which a plea of not guilty is entered,
the trial of a defendant charged in an information or indictment
with the commission of an offense shall commence within seventy
days from the filing date (and making public) of the information
or indictment, or from the date the defendant has appeared before
a judicial officer of the court in which such charge is pending,
<u>whichever date last occurs</u>." § 3161(c)(1) (emphasis added); <u>see
also United States v. Rojas</u>, 7 Fed.Appx. 9, 11 (2d Cir. 2001)
(calculating the number of days that had passed under the Speedy
Trial Act from the date the Defendant first appeared before Judge
Gershon, which occurred six days after he was indicted).

Here, according to the Docket in 03 Cr. 227, Petitioner did
not make his first appearance until February 24, 2005, when he
was presented before Magistrate Judge Francis, appointed CJA
counsel, arraigned, and entered a plea of not guilty.  Although
Petitioner contends that he was arrested on June 6, 2003, (Pet's
08 Civ. 5634 Mem. of Law, 5g.), there is no evidence that he was
arrested in relation to either criminal indictment at issue here
prior to February 23, 2005.  (<u>See, e.g.,</u> May 22, 2007 Presentence
Investigation Report, at 2) ("Release Status:  Arrested on
February 23, 2005.  Remanded since arrest.")  Furthermore, even

12

if Petitioner had been arrested on a prior date pursuant to either of the instant indictments, it would not change the Court's analysis, under the plain language of the statute, of when the Speedy Trial Act time began to run.

Consequently, because the Speedy Trial Act was not triggered until Petitioner's first appearance on February 24, 2005, and because each of the allegedly improper exclusions of time listed by Petitioner occurred prior to February 24, 2005, (Pet's 08 Civ. 5634 Mem. of Law, 5g-5h), Petitioner had no meritorious Speedy Trial Act claim.  Consequently, because he had no meritorious claim, neither of the prongs of Strickland can possibly be met, and there was no ineffective assistance of counsel in advising Petitioner to plea rather than to move for dismissal based upon the Speedy Trial Act.

2.    Otherwise Knowing and Voluntary Nature of the Plea

A waiver is knowing and voluntary if "the defendant actually does understand the significance and consequences of a particular decision and [if] the decision is uncoerced." Godinez v. Moran, 509 U.S. 398, 401 n.12, 125 L. Ed. 2d 321, 113 S. Ct. 2680 (1993); see also United States v Ready, 82 F.3d 551, 557 (2d Cir. 1996) (knowing waiver if defendant fully understood consequences of waiver).

Here, Petitioner signed and allocuted to a Plea Agreement in

13

which he waived his right to bring the instant petition.    The
Agreement specified that Petitioner would not "litigate under
Title 28, United States Code, Section 2255 and/or Section 2241,
any sentence at or below the Stipulated Sentence of 20 years."
(Plea Agreement at 3, 4.)    The Court sentenced Petitioner to 240
months.    Because he agreed to accept a sentence at or below 20
years, and because he was sentenced to 20 years, Petitioner has
obtained the benefit of his bargain.

     Furthermore, as the record makes clear, Petitioner fully
understood that he was waiving his right to appeal:

     The Court:        Do you understand that according to the plea
                       agreement, you are giving up or waiving your
                       right to appeal or to litigate otherwise
                       under Title 28 United States Code Sections
                       2255 and/or 2241 any sentence within or below
                       the guideline range as set forth in the plea
                       agreement.?

     The Defendant: Yes.

(Feb. 16, 2007 Plea Tr., 18.)    The language of the written Plea
Agreement was unambiguous, and Petitioner stated on the record
that he was aware that he was waiving his right to appeal a
sentence at or below the stipulated range.    During his plea,
Petitioner also informed the Court that he had read and reviewed
the Plea Agreement with his attorney:

     The Court:        Mr. Liriano, is that your signature on the
                       agreement?

     The Defendant: Yes.

14

The Court:        Was the agreement read to you before you
                  signed it?

The Defendant: Yes.

The Court:        Did you discuss it with your attorneys before
                  you signed it?

The Defendant: Yes.

The Court:        Did you fully understand the agreement before
                  you signed it?

The Defendant: Yes.

(Feb. 16, 2007 Plea Tr., 17.)   Furthermore, in his instant

petition, Petitioner does not assert that he misunderstood the

waiver provision or any other provision of the Plea Agreement.

Accordingly, the Court concludes that Petitioner knowingly and

voluntarily waived his right to challenge his sentence under

Section 2255.


### 3. Waiver of the Remaining Claims

Because the Court has rejected Petitioner's two claims of

ineffective assistance of counsel that allegedly involve advice

concerning the plea process, and finds that Petitioner's plea was

otherwise knowing and voluntary, the Court concludes that the

Petitioner has waived his right to appellate and collateral

review, and thus that his other claims of ineffective assistance

are barred by this waiver.

        However, notwithstanding this waiver, the Second Circuit has

held that "even after a waiver, a lawyer who believes the
requested appeal would be frivolous is bound to file the notice
of appeal and submit a brief pursuant to Anders v. California,
386 U.S. 738 (1967). When counsel fails to do so, [the court]
will presume prejudice . . . and the defendant will be entitled
to a direct appeal without any showing on collateral review that
his appeal will likely have merit." Campusano v. United States,
442 F.3d 770, 771-72 (2d Cir. 2006) (vacating district court
order denying Section 2255 relief and remanding for determination
of whether Defendant had instructed his attorney to file a direct
appeal after sentencing, even where Defendant's plea agreement
waived both collateral and direct review of any sentence within
the stipulated range and defendant was in fact sentenced within
that range).

Here Petitioner affirms that he intended to file an appeal
and that he directed his attorney to do so. (Pet's 08 Civ. 5668
Mem. of Law, 4-5; Pet's 08 Civ. 5668 Decl., 2-3.) Furthermore,
the Government concedes that Petitioner sent them a Copy of the
Notice of Appeal on June 14, 2007, and given his affirmation that
he instructed his attorney to file an appeal, submits that
Petitioner's previous judgment should be vacated and a new
identical judgment entered, permitting Petitioner to file his
direct appeal. (Gov. Opp Mem of Law, 10.) Under United States
v. Fuller, 332 F.3d 60, 64-66 (2d Cir. 2003)(abrogated on other

16

grounds by <u>United States v. Frias</u>, 521 F.3d 229, 231 (2d Cir. 2008)), the remedy for defense counsel's failure to file a notice of appeal is entry of a new judgment and a new period of ten days in which to file a notice of appeal under Appellate Rule of Procedure 4(b).  <u>See also</u> <u>United States v. Medley</u>, 300 Fed.Appx. 14, 15-16 (2d Cir. 2008)(dismissing appeal and remanding under <u>Fuller</u>, "with directions to enter a new judgment, from which a timely appeal may be taken" where Defendant communicated to his attorney that he wanted to file a notice of appeal and defense counsel did not do so).   Accordingly, the Court finds that Petitioner requested that his attorney file a Notice of Appeal, but that his attorney did not do so, and therefore is entitled to a new judgment under <u>Campusano</u>.


   B.   <u>Petition for Writ of Audita Querela</u>

   Petitioner also seeks a Writ of Audita Querela, contending that the Second Circuit's decision in <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008), requires that the Court vacate what he claims is his sentence of 60 months under 18 U.S.C. § 924(c)(1)(a)(iii), for discharging a firearm.  (Pet's Writ of Aud. Quer., ¶¶ 10-11.)  As an initial matter, however, Petitioner was in fact sentenced to 120 months under Section 924(c)(1)(a)(iii), to run consecutively to his 120 and 60 month

concurrent sentences on the remaining counts.  (June 7, 2007
Judgment, 2.)  Once this actual term of imprisonment is
considered, it is apparent that Whitley is inapplicable to
Petitioner's sentence.

    The Court in Whitley found that the language "[e]xcept to
the extent that a greater minimum sentence is otherwise provided"
in Section 924(c)(1)(a) means what it literally says, and thus
that the mandatory minimum sentences provided by Sections
924(c)(1)(a)(i)-(iii) are "inapplicable [where a defendant] was
subject to a higher . . . minimum sentence . . ."  529 F.3d, at
151.  Petitioner here was subject to a statutory mandatory
minimum sentence of 10 years for his Conspiracy to Distribute and
Possess with Intent to Distribute Cocaine under 21 U.S.C. §§ 846
and 841(b)(1)(A).  Accordingly, because his statutory minimum
under the cocaine charge was equal, but not greater than his
statutory minimum of 10 years for discharging a firearm,
Defendant was not subject to a greater minimum sentence.
Consequently, the holding in Whitley is inapposite.

    Furthermore, even had the mandatory minimum for the drug
charge been greater than the mandatory minimum for discharging a
firearm, Whitley would still not have applied, because its
holding is only relevant to "minimum sentences for predicate
statutory offenses arising from the same criminal transaction or

18

operative set of facts." United States v. Parker, __ F.3d __,
2009 WL 2481985, *3 (2d Cir. 2009) (quoting United States v.
Williams, 558 F.3d 166, 171 (2d Cir. 2009)) (emphasis added in
Parker).  Here, however, the 10 year mandatory minimum which
Petitioner was subject to under Count III of the 2003 Indictment
arose from a December 24, 1999 scheme to rob a restaurant, (see
2003 Indictment), and was thus a completely separate criminal
operation from the conspiracy charged in the 2005 Indictment,
which took place during 2005 and involved the robbery of a gun
dealer and the distribution of 5 kilograms and more of cocaine,
(see 2005 Indictment.)  As a result, Petitioner's 10 year
statutory minimum under the 2003 firearm charge did not arise
from the same criminal transaction or operative set of facts as
the 10 year statutory minimum under the 2005 cocaine charge, and
therefore is not a basis for re-sentencing under Whitley.

    Accordingly, because Petitioner has no basis under Whitley
to challenge his sentence, his Petition for a Writ of Audita
Querela is DENIED.


                    III.  CONCLUSION

    For the foregoing reasons, Petitioner's Judgment, originally
filed June 6, 2007 is vacated and a new judgment is entered as of
today, with identical sentence, from which Petitioner may timely

                           19

appeal.  A substitute judgment as of today's date is hereby entered.  Petitioner has 10 days from the date of this Order within which to file a Notice of Appeal.  See Fed. R. App. P. 4(b); Mena v. United States, 2004 WL 2734454, *4 (Nov. 30, 2004) (citing Fuller in support of its order vacating petitioner's original judgment, entering a "substitute judgment" as of the date of the order, and informing petitioner of the 10 day limit within which to file a notice of appeal.)

Liriano's Petitions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel, as well as his Petition for Writ of Audita Querela, are DENIED in all other respects.

The Clerk of the Court is DIRECTED to close both case 08 Civ. 5568 and case 08 Civ. 5634 and remove them from the docket.

SO ORDERED.

DATED:    New York, New York
          September 15, 2009

                              Deborah A. Batts
                              United States District Judge

20